**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | **Criminal No. 86-207 (TFH)** |
| | : | |
| **JONATHAN J. POLLARD,** | : | |
| | : | |
| **Defendant.** | : | |

**GOVERNMENT'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S
EMERGENCY MOTION TO ADD TO LIST OF DEFENSE COUNSEL AUTHORIZED
TO ACCESS SEALED DOCKET MATERIALS PURSUANT TO PROTECTIVE ORDER**

**Introduction**

On December 20, 2013, late in the afternoon and on the eve of the holidays, the

defendant, Jonathan Pollard, filed what he styled an "emergency motion" for his counsel to gain

access to certain classified pleadings that have remained under seal since his sentencing in 1987.

This is his fifth attempt to gain access for his counsel to these materials, and successive courts,

including this Court, have repeatedly denied those attempts.  Pollard gave no justification for

seeking to bypass the regular briefing schedule set forth in Local Criminal Rule 47 other than by

referencing his having filed for parole eight days earlier and asserting that a parole hearing will

be occurring "soon."

Notwithstanding the procedural failings in Pollard's filing, the government is responding

on an expedited basis because the Court should deny the motion as premature.  In particular,

Pollard fails to disclose to the Court that the government has informed his counsel that it will

inquire of the members of the Intelligence Community who have determined that portions of the

pleadings should remain classified whether they consider counsel as having a "need to know" the

underlying information and thus may have access to it.  That determination process has begun.

Second, contrary to the representations in Pollard's motion and supporting memorandum, his

counsel no longer have active security clearances and, pursuant to the terms of the October 24,

1986, protective order governing access to classified information in this case, they are thus

currently ineligible to view the classified materials.  There is therefore no reason to reach the

merits of Pollard's motion – and the potential separation of powers issue it raises – unless and

until his counsel actually are eligible to see the classified information and have been denied

access to the sealed items.  Instead, the Court should deny the motion without prejudice to the

defendant's ability to re-file it should it truly become ripe.[1]

## Background

On March 4, 1986, former Chief Judge Aubrey Robinson sentenced Pollard to life in

prison after his guilty plea to conspiring to provide national defense information to a foreign

power in violation of 18 U.S.C. 794(c).  Over the years, Pollard has mounted numerous

challenges to his sentence and guilty plea.  *See, e.g., United States v. Pollard,* 416 F.3d 48 (D.C.

Cir. 2005), *cert. denied,* 547 U.S. 1021 (2006); *United States v. Pollard,* 959 F.2d 1011 (D.C.

Cir.), *cert. denied,* 506 U.S. 915 (1992).  Between 1990 and 2003, Pollard's various counsel,

who, by then, were different lawyers from his attorneys at the time of his sentencing, made four

attempts to gain access to the sealed classified materials, which were generated in connection

---

[1]   By asking the Court to deny Pollard's motion as premature, the government is not waiving any of its arguments
on the merits.  Given the very limited judicial review accorded parole decisions, parole is a procedure much akin to
clemency, which would mean, under the D.C. Circuit's holding in *United States v. Pollard,* 416 F.3d 48, 56-57
(D.C. Cir. 2005), *cert. denied,* 547 U.S. 1021 (2006), that this Court lacks jurisdiction to order access to the
classified materials for purposes of preparing parole materials.  *See, e.g., Wallace v. Christensen*, 802 F.2d 1539,
1544 (9th Cir. 1986) (decision of Parole Commission to grant or deny parole is not subject to judicial review);
*Fletcher v. District of Columbia,* 481 F. Supp.2d  156, 164 (D.D.C. 2007) ("Parole decisions by the Commission are
committed to the agency's discretion and are thus exempt from review under the APA.") (Bates, J.).  Moreover, the
Parole Commission does not have access to the classified materials, and Pollard's counsel admits that they do not
intend to disclose the contents of the materials to the Commission.  *See* Lauer Decl. at ¶ 28.  Thus, it is difficult to
see what use counsel can make of the materials, given that the purpose of a parole hearing is not to re-litigate the
sentencing judge's determinations.

with the sentencing.  *See United States v. Pollard,* 290 F. Supp.2d 165, 166 (D.D.C. 2003).

These items are the following:  the declaration of former Secretary of Defense Caspar

Weinberger (Weinberger Decl.); the defendant's first memorandum in aid of sentencing; the

defendant's second memorandum in aid of sentencing; the government's reply to defendant's

sentencing memorandum; and minutes from the March 4, 1987, sentencing.  *See* Declaration of

Eliot Lauer (Lauer Decl.) at ¶ 8.  Most recently, this Court declined to find that Pollard's current

counsel had a "need to know" the classified information in these sealed materials and to order

that they receive access to these items in connection with an effort to gain presidential clemency

for the defendant.  *Pollard,* 290 F. Supp.2d at 166.  On appeal, the D.C. Circuit ruled that the

federal courts lacked jurisdiction to order disclosure of classified materials in relation to a purely

Executive Branch function such as clemency.  *See Pollard,* 416 F.3d at 56-57.  In October 2012,

a classification review of the sealed materials prompted by a request by the defendant under the

Freedom of Information Act resulted in seven agencies within the Intelligence Community

determining that portions of materials must remain classified.[2]

By letter dated November 4, 2013, counsel for Pollard requested that United States

Attorney Ronald Machen agree to a stipulation granting them access to the sealed classified

materials pursuant to the protective order.  *See* Lauer Decl. at Exhibit 13.  The U.S. Attorney

referred the letter to the office's National Security Section.  On or about November 21, 2013,

government counsel spoke with counsel for Pollard.  *See* Declaration of Jay I. Bratt (Bratt Decl.),

attached as Exhibit 1 to this Memorandum, at ¶ 3.  Government counsel informed Pollard's

---

[2]   The seven agencies that are the holders of the classified information and have determined that the materials need to remain classified are the following:  the Central Intelligence Agency (CIA), the Department of State (DOS), the Office of the Secretary of Defense (OSD), the Defense Intelligence Agency (DIA), the National Security Agency (NSA), the National Geospatial Intelligence Agency (NGA), and the Navy.  *See, e.g.,* Weinberger Decl. at 5 (CIA and DOS), 6 (OSD), 7 (DIA), 9 (NSA), 16 (NGA); Defendant Jonathan J. Pollard's Second Memorandum in Aid of Sentencing at 34 (Navy).

attorney that the U.S. Attorney's Office lacked the authority to grant access to the classified materials and that only the holders of that information – the seven agencies referenced in footnote 1 below – could determine whether access was appropriate.  *Id.  See also* Executive Order 13,292 (March 25, 2003) at § 4.1(c) (classified information remains under the control of the originating agency) and 28 C.F.R. § 17.46 (b) (Department of Justice cannot make classified information available to persons outside the Executive Branch when the originating agency prohibits such dissemination).  However, government counsel advised Pollard's attorney that he would refer the request for access to the classified materials to the Office of the Director of National Intelligence (ODNI) for coordination among the seven agencies that hold the underlying classified information.  Bratt Decl. at ¶ 3.  Government counsel further informed Pollard's lawyer that, given the number of agencies involved and the approaching holiday season, he could not give an estimate as to how long the process would take.  *Id.*

Shortly after the conversation with Pollard's counsel, government counsel informed the Chief of the Counterespionage Section (CES) of the Department of Justice's National Security Division of the request for access to the classified materials.  *Id.* at ¶ 4.  It is Department of Justice policy that all requests from a U.S. Attorney's office to the Intelligence Community in counterintelligence matters go through CES.  *Id.*  CES subsequently assigned an attorney to assist with this matter, and government counsel forwarded to the CES lawyer the letter to U.S. Attorney Machen from Pollard's counsel, along with its attachments.  *Id.*

On or about December 6, 2013, government counsel again spoke with Pollard's attorney. *Id*. at ¶ 5.  Government counsel explained the referral to ODNI through CES, but had no information on the status of the access request.  *Id.*  Government counsel also offered to follow up with CES and invited additional status inquiries.  *Id.*  Government counsel subsequently

communicated with the CES attorney, who advised that ODNI had been notified, but there had been no further activity as yet.  *Id.*

After receiving Pollard's emergency motion, government counsel contacted Michael Macisso, the Classified Information Security Officer[3] who has custody of the classified materials and has been assigned to this case for over a decade, to inquire about the status of the security clearances for Pollard's counsel.  *Id.* at ¶ 6.  According to Mr. Macisso, Pollard's attorneys no longer have active security clearances.  *Id.*  Although they received Top Secret clearances in 2000 (Mr. Lauer) and 2001 (Mr. Semelman), those clearances were solely for the purpose of conferring with their client, lest he said something classified.  *Id.*  Moreover, their background investigations had lapsed after five years, and their clearances were administratively withdrawn.  *Id.*  According to Mr. Macisso, counsel will need to undergo new background investigations to receive clearances again.  *Id.*  He estimated that process will take approximately 90 days.  *Id.*

## Argument

Pollard has no basis for seeking court intervention to grant his counsel access to the classified materials.  Putting aside the issue of whether the Court even has jurisdiction to consider Pollard's request, the Court has no active controversy before it.  None of the agencies who hold the information that counsel want to view has determined whether to deny them access. Although this determination process can be time-consuming, the government commits to ensuring that the relevant members of the Intelligence Community move to review the requests expeditiously.  It is, of course, entirely possible that some or all of these agencies will continue to deny access.  However, even if the Court has the power to intervene – which it very well may not

---

[3]   The protective order and other materials in the record (*e.g.,* Exhibit 2 to Lauer Decl.) refer to Mr. Macisso's position as that of a Court Security Officer.  Effective January 11, 2011, the Administrative Office of U.S. Courts revised the Classified Information Procedures Act Security Procedures and renamed the position "Classified Information Security Officer."

– it should first defer to those departments of the Executive Branch that are charged with the responsibility of determining what is classified, who should have access to such information, and how best to protect it.

In addition, Pollard's counsel cannot satisfy the requirements of the protective order for access to the classified materials.  Paragraph 10 of the protective order states that present counsel "can obtain access to classified information and documents only after having been granted the appropriate security clearances by the Department of Justice through the [Classified Information Security Officer] and the permission of this Court."  Protective Order at ¶ 10, Exhibit 3 to Lauer Decl.  They have no active security clearances and are thus ineligible to view the documents even if they could otherwise demonstrate a "need to know."

<u>Conclusion</u>

For the foregoing reasons, the Court should deny the defendant's motion without prejudice.

Respectfully submitted,

RONALD C. MACHEN JR.
United States Attorney
D.C. Bar No. 447889

By:   _____/s/_____
JAY I. BRATT
Assistant United States Attorney
Illinois Bar Number 6187361
National Security Section
United States Attorney's Office
555 4th Street, N.W., 11th Floor
Washington, D.C. 20530
jay.bratt2@usdoj.gov
(202) 252-7789

**<u>Certificate of Service</u>**

I, Jay I. Bratt, certify that I caused to be served a copy of the foregoing  Government's

Opposition to Defendant's Emergency Motion to Add to List of Defense Counsel Authorized to

Access Sealed Docket Materials Pursuant to Protective Order by ECF on counsel of record for

defendant Jonathan J. Pollard this 24th day of December, 2013.


_____/s/_____
Jay I. Bratt